1
2
3
4

**KILPATRICK TOWNSEND & STOCKTON LLP**
STEVEN D. MOORE (SBN CA 290875)
smoore@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:415 576 0200
Facsimile: 415 576 0300

5
6
7
8

TAYLOR J. PFINGST (SBN CA-316516)
tpfingst@kilpatricktownsend.com
1801 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 248-3830
Direct:      (310) 966-4955
Facsimile:  (310) 860-0363

9
10
11
12

DAVID A. REED (SBN GA 185146) (*Pro Hac Vice*)
dreed@kilpatricktownsend.com
1100 Peachtree Street, NE, Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6500
Direct:      (404) 745-2548
Facsimile:  (404) 541-3127

13
14

*Attorneys for Defendant*
PETCO ANIMAL SUPPLIES STORES, INC.

15

16
17

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

18

19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| RACHEL YATES,<br><br>          Plaintiff,<br><br>     v.<br><br>PETCO ANIMAL SUPPLIES STORES, INC.,<br><br>          Defendant. | Case No. 2:21-cv-06204-JAK-GJS<br><br>**DEFENDANT PETCO'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT OF MOTION**<br><br>DATE:   April 25, 2022<br>TIME:    8:30 a.m.<br>DEPT.:   Courtroom 10B<br><br>Judge:   Hon. John A. Kronstadt<br><br>Complaint Filed:   July 31, 2021 |

# TABLE OF CONTENTS

Page

I.      SUMMARY OF ARGUMENT ..................................................................2

II.     FACTUAL AND PROCEDURAL BACKGROUND................................3

        A.      Procedural History ............................................................3

        B.      The '650 Patent ................................................................4

        C.      The Accused Products........................................................6

III.    LEGAL STANDARD ..........................................................................6

        A.      Motion to Dismiss Pursuant to Rule 12(b)(6)..................6

        B.      Pleading Standard for Direct Infringement.......................7

IV.     ARGUMENT ......................................................................................8

        A.      Plaintiff's Second Amended Complaint Fails to Adequately
                Plead Patent Infringement Because It Merely Concludes the
                Accused Products Infringe Claim 6 ...................................8

        B.      Plaintiff's Allegations Of Infringement Are Facially
                Implausible Because The Facts Alleged Are Inconsistent
                With Infringement.........................................................10

        C.      The Second Amended Complaint Should Be Dismissed
                With Prejudice..............................................................14

V.      CONCLUSION .................................................................................14

# TABLE OF AUTHORITIES

Page

## <u>Cases</u>

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ..................................................................................passim

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................................passim

*Bot M8 LLC v. Sony Corp. of Am.,*
  4 F.4th 1342 (Fed. Cir. 2021)............................................8, 9, 10, 12

*e.Digital Corp. v. iBaby Labs, Inc.,*
  No. 15-CV-05790-JST, 2016 WL 4427209
  (N.D. Cal. Aug. 22, 2016) ......................................................8, 12

*Hicks v. PGA Tour, Inc.,*
  897 F.3d 1109 (9th Cir. 2018).........................................................7

*Laitram Corp. v. Rexnord, Inc.,*
  939 F.2d 1533 (Fed. Cir. 1991)........................................................8

*Metricolor LLC v. L'Oreal S.A.,*
  No. CV 18-364-R, 2018 WL 5099496
  (C.D. Cal. Aug. 15, 2018) ........................................................12

*Moss v. U.S. Secret Serv.,*
  572 F.3d 962 (9th Cir. 2009)..........................................................7

*N. Star Innovations Inc. v. Kingston Tech. Co., Inc.,*
  No. SA CV 17-01833-DOC (DFMx), 2018 WL 3155258
  (C.D. Cal. May 7, 2018),........................................................7, 9

*Nalco Co. v. Chem-Mod*, LLC,
  883 F.3d 1337 (Fed. Cir. 2018).......................................................8

*Rutman Wine Co. v. E. & J. Gallo Winery,*
  829 F.2d 729 (9th Cir. 1987)..........................................................14

*SCG Characters LLC v. Telebrands Corp.,*
  Case No. CV 15-00374, 2015 WL 4624200
  (C.D. Cal. Aug. 3, 2015) ........................................................14

## Rules

Fed. R. Civ. P.  8(a)(2)..................................................................7

Fed. R. Civ. P.  12(b)(6) ................................................................6

**TABLE OF AUTHORITIES**
(continued)

<u>Page</u>

## <u>Other Authorities</u>

*Rachel Yates v. Amazon.com, Inc.,*
Case No. 2-21-cv-07491, Dkt. 22 ....................................................3, 4

*Rachel Yates v. PetSmart LLC f/k/a PetSmart, Inc.*
Case No. 2-21-cv-06205-MCS-PD, Dkt. 25 ...................................3, 4

*Rachel Yates v. Walmart, Inc.,*
Case No. 2-21-cv-07519, Dkt. 13 .................................................3, 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place via a phone call on December 10, 2021.

PLEASE TAKE NOTICE THAT on April 25, 2022, at 8:30 a.m., or as soon thereafter as the matter may be heard, in the United States District Court, Central District of California, located at 350 W. First Street, Courtroom 10B, Los Angeles, California 90012, before the Honorable John A. Kronstadt, Defendant Petco Animal Supplies Stores, Inc. will move, and hereby presents for hearing by the Court this motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff Rachel Yates' Second Amended Complaint (Dkt. 24) for the reasons set forth below.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, and such additional papers and arguments as may be presented at or in connection with the hearing.

DATE: December 20, 2021        KILPATRICK, TOWNSEND & STOCKTON LLP


By: */s/ Taylor J. Pfingst*
Taylor J. Pfingst

Attorneys for Defendant
PETCO ANIMAL SUPPLIES STORES, INC.

## I.      SUMMARY OF ARGUMENT

Petco Animal Supplies Stores, Inc. ("Petco" or "Defendant") moves to dismiss Rachel Yates' ("Plaintiff") Second Amended Complaint For Patent Infringement ("SAC," Dkt. 24) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because the SAC fails to plead facts to plausibly support the allegations of patent infringement. Claim 6 of U.S. Patent No. 6,708,650 (the "'650 Patent")—the only patent claim asserted by Plaintiff in this matter—is directed to a harness to be "installed on the chest . . . or on the rear end" of a four-legged animal.

The pleading standards set forth in *Iqbal* and *Twombly*, and the Federal Circuit's precedent applying the same, require, at minimum, that Plaintiff's SAC contain factual allegations to enable the reasonable inference that each of the various accused products practice every element of the asserted patent claim. Plaintiff has failed to meet this minimum standard.

First, Plaintiff's SAC makes no attempt to map the elements of Claim 6 of the '650 Patent to the accused products—here, nineteen different animal harnesses. Instead, in support of its patent infringement claims, the SAC parrots the limitations of Claim 6 and merely concludes that the accused products practice those limitations. Such generic allegations of patent infringement fail to set forth any facts or explanation as to how any of Petco's accused products allegedly meet any of the elements of Claim 6, and, thereby, fail to provide fair notice to Petco of the grounds of Plaintiff's infringement allegations.

Second, as Plaintiff's exhibits to the SAC demonstrate, the Accused Products do not and cannot, meet all the limitations recited in Claim 6 of the '650 Patent. Plaintiff's allegations are therefore inconsistent with and contradict infringement, and as such are insufficient to state a plausible claim for relief.

For these reasons, as set forth in further detail below, Petco respectfully requests that this Court dismiss the SAC (Dkt. 24) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Petco further requests the Court dismiss the SAC with prejudice as further amendment would be futile and would not cure the insufficiency of Plaintiff's pleading.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Procedural History

Plaintiff filed this lawsuit on July 31, 2021, alleging that Petco directly and indirectly infringes both Claim 1 and Claim 6 of the '650 Patent. Dkt. 1, ¶¶ 17-20. On October 15, 2021, Plaintiff filed a First Amended Complaint removing the Pawtitis products from the list of Accused Products but not otherwise substantively amending the allegations. Dkt. 18. On November 22, 2021, Plaintiff filed a Second Amended Complaint, reducing Plaintiff's original Complaint down to a single allegation of direct infringement of Claim 6 of the '650 Patent and expressly removing all allegations of indirect infringement. Dkt. 24, ¶¶ 17-20.

Plaintiff has three other lawsuits pending in the Central District similarly asserting direct infringement of Claim 6 of the '650 patent—(1) *Rachel Yates v. PetSmart LLC f/k/a PetSmart, Inc.* ("PetSmart") (Case No. 2-21-cv-06205-MCS-PD, Dkt. 25) which was filed on the same day as this action, July 31, 2021, and is pending before Judge Scarsi[1]; (2) *Rachel Yates v. Amazon.com, Inc.* ("Amazon") (Case No. 2-21-cv-07491, Dkt. 22) which was filed on September 20, 2021 and is pending before Judge Lew; and (3) *Rachel Yates v. Walmart, Inc.* ("Walmart") (Case No. 2-21-cv-07519, Dkt. 13) which was filed on September 20, 2021 and is

---

[1] Paragraph 2 of the Second Amended Complaint against Petco references PetSmart—presumably a typographical error as Plaintiff copied the PetSmart complaint to make the same allegations against Petco.

1   pending before Judge Carney.[2]

2       **B.      The '650 Patent**

3       The '650 Patent is titled "Method for installing an exercising harness on an

4   animal." '650 Patent (Dkt. 25-1, Exhibit A). The '650 Patent is directed to two

5   distinct and purportedly novel inventions: (1) a method of installing admittedly prior

6   art dog harnesses on the rear of an animal instead of the front, and (2) an animal

7   harness configured using a single strap in a purportedly novel manner.

8       Most of the specification and figures are devoted to describing the

9   purportedly novel method. Figures 1 to 15 of the '650 Patent depict admitted prior

10  art harnesses already disclosed in various prior art patents, which are installed on the

11  front and rear of a dog. The '650 Patent admits the various harnesses themselves are

12  not novel and were known in the prior art, specifically identifying the prior art by

13  patent number[3]. *See, e.g., id*. at 3:3-5 ("FIG. 1 shows a dog wearing a harness

14  according to U.S. Pat No. 5,329,885 installed according to the method disclosed

15  therein."). It is only the method of installing the prior art harnesses on the rear of the

16  dog that Plaintiff claimed to be new. *See, e.g., id*. at 3:6-8 ("FIG. 1A shows a dog

17  wearing the harness of U.S. Pat No. 5,329,885 installed according to the method of

18  the present invention"). By way of the SAC, Plaintiff no longer accuses Petco of

19  infringing Claim 1 directed to this method.

20      The closing five paragraphs of the specification of the '650 Patent then

21  describe a purportedly novel harness recited in Claim 6. *See id*. at 11:10-12:6

22  ("Referring now to FIG. 16, there is shown a harness 300 according to the present

23  invention …"); *see also id*. at 3:51-52. The description of the claimed harness is

24  sparse and simply points out the elements in FIG. 16. *See id*. at 11:10-30. Figure 16

25

26  [2] Petco, PetSmart, Amazon, and Walmart each have filed a Notice of Related Cases
    in their respective matters pursuant to L.R. 83-1.3.1. *See e.g.,* Dkt. 29.

27  [3] U.S. Patent No. 5,329,885 (inventor, Joseph S. Sporn); U.S. Patent No. 5,359,964
    (inventor, Joseph S. Sporn); U.S. Patent No. 5,934,224 (inventor, Joseph S. Sporn);
28  U.S. Patent No. 5,676,093 (inventor, Joseph S. Sporn).

is reproduced below for reference.



FIG. 16

Claim 6 is reproduced below with limitations relevant to this motion emphasized.

1.  A harness for a four-legged animal, the harness comprising:

a first adjuster;

a second adjuster;

*a strap* having *a first end loop and a second end loop*;

a first leg loop; and

a second leg loop,

wherein *the strap* extending from the first end loop is *inserted*

*through the first leg adjuster* and then back through the first leg adjuster

forming the first leg loop,

*then through the second adjuster* and back through the second adjuster

forming the second leg loop, and

*then through the first end loop forming a triangular-shaped opening with*

*the first adjuster, second adjuster and first end loop as the apexes for the*

*triangular opening*, wherein the triangular opening is for the head or the tail of the

animal depending if installed on the chest of the animal or on the rear end of the

animal, respectively.

1  *Id*. at Cl. 6 (emphasis added).

2      **C.    The Accused Products**

3      The SAC alleges that Petco infringes the '650 Patent insofar as Petco "makes,

4  uses, sells, offers for sale, and/or imports" nineteen separate animal harness products

5  made by four suppliers (the "Accused Products"). Dkt No. 24, ¶ 13. Attached as

6  exhibits to the SAC are screen captures from Petco's ecommerce web pages which

7  show images of the Accused Products. *See* Dkt. No. 24-2, Exhibits B1-B19. Several

8  exemplary Accused Products from the four suppliers, reproduced from exhibits to

9  the SAC, are shown below. While the Accused Products differ in size, shape and

10  configuration, none plausibly includes all of the required elements of Claim 6.

11

| Exhibit B1<br>5280DOG Harness | Exhibit B7<br>Coastal Pet Harness |
|---|---|
|  |  |
| Exhibit B16<br>Good2Go Harness | Exhibit B19<br>PetSafe Harness |
|  |  |

26  **III.  LEGAL STANDARD**

27      **A.    Motion to Dismiss Pursuant to Rule 12(b)(6)**

28      To survive a motion to dismiss, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Twombly*, 550 U.S. at 555. Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. As the Supreme Court explained in *Iqbal*: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (internal quotation marks, citations, and alterations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," without any factual support are insufficient to overcome a motion to dismiss. *Id*.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556) (emphasis added). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (stating that factual allegations "merely consistent with liability stop[] short of the line between possibility and plausibility"). Determining plausibility is a "context-specific task that requires drawing on judicial experience and common sense." *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018) (citing *Iqbal*, 556 U.S. at 679).

## B.   Pleading Standard for Direct Infringement

"The Court applies the analysis of Twombly/Iqbal to claims of direct infringement." *N. Star Innovations Inc. v. Kingston Tech. Co., Inc.*, No. SA CV 17-01833-DOC (DFMx), 2018 WL 3155258, at *1 (C.D. Cal. May 7, 2018), report and

recommendation adopted, 2018 WL 3155708 (C.D. Cal. June 25, 2018). "To adequately allege direct infringement, a plaintiff must allege facts sufficient to permit the Court to infer that the accused product infringes each element of at least one claim." *Id*. (emphasis in original). This is because "the failure to meet a single limitation is sufficient to negate infringement of a claim." *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) (quoting *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)).

Further, "[u]nder *Iqbal/Twombly*, allegations that are merely consistent with infringement are insufficient." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021). Where "the factual allegations are actually inconsistent with and contradict infringement, they are likewise insufficient to state a plausible claim." *Id*. (emphasis in original). "[W]hile a plaintiff's pleading obligations are not onerous, it is possible that, in pleading its claims, a plaintiff may find it has pleaded itself out of court." *Id*. (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1348-50 (Fed. Cir. 2018)). Such is the case here.

## IV.   ARGUMENT

### A.   Plaintiff's Second Amended Complaint Fails to Adequately Plead Patent Infringement Because It Merely Concludes the Accused Products Infringe Claim 6

Plaintiff fails to adequately plead facts showing that any of the Accused Products infringe Claim 6 of the '650 Patent. In asserting infringement, the SAC merely alleges entitlement to relief without providing any factual allegations that, when taken as true, would establish entitlement to relief.  The SAC does not articulate why it is plausible that any Accused Product infringes Claim 6.  The SAC includes no analysis, description, or chart to put Petco on fair notice how Plaintiff contends that any product allegedly practices Claim 6.

Indeed, Plaintiff makes no effort to identify even a single allegedly infringing feature in any of the Accused Products, much less setting out any facts that would

plausibly establish that any Accused Product has each of the elements recited in

Claim 6. Instead, the SAC includes a single boilerplate paragraph that simply

repeats the language of Claim 6, as follows:

> 20. Each and every one of the Accused Products is an animal harness that includes each and every element of Claim 6, including the strap having the first end loop and second end loop, the first and second adjusters, the first leg loop and second leg loop. Each and every one of the Accused Products includes the strap extending from the first end loop inserted through the first leg adjuster and then back through the first leg adjuster forming the first leg loop, and then through the second adjuster and back through the second adjuster forming the second leg loop, and through the first end loop forming a triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening, with the triangular opening for the head or the tail of the animal depending if installed on the chest of the animal or on the rear end of the animal, respectively.

Dkt. 24, ¶ 20. Paragraph 20 is nothing more than a threadbare recital of the

limitations of Claim 6, supported by mere conclusory statements, and offers no

factual support to allow Petco to reasonably understand the allegations made against

it or how the Accused Products meet the limitations of Claim 6, or allow the Court

to draw the reasonable inference that Petco is liable for the misconduct alleged. As

the Federal Circuit has held, "a plaintiff cannot assert a plausible claim for

infringement under the *Iqbal/Twombly* standard by reciting the claim elements and

merely concluding that the accused product has those elements." *Bot M8*, 4 F.4th at

1353 (emphasis added). Instead, "[t]here must be some factual allegations that,

when taken as true, articulate why it is plausible that the accused product infringes

the patent claim." Id. (emphasis added). Paragraph 20, however, is wholly redundant

to Paragraph 19, and amounts to no more than a "legal conclusion couched as a

factual allegation," which the Court is not bound to accept as true. *Iqbal*, 556 U.S. at

678. Accordingly, Courts in this district have found such allegations insufficient.

See *N. Star Innovations*, 2018 WL 3155258, at *2-4 (dismissing complaint that

"simply parrots the claim language" and "fails to provide any factual allegations that

are not direct recitations of each claim's limitations").

Furthermore, while the pleading standards set forth by *Twombly/Iqbal* are universal, "[t]he level of detail required in any given [patent] case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Bot M8*, 4 F.4th at 1353. A salient feature of the purported invention of Claim 6 is a single strap that forms both (a) two leg loops 306, 312 and (b) a triangular opening 330 for either the head or the tail of the animal. *See* '650 Patent (Dkt. 24-1, Ex. A), Cl. 6. The SAC lacks any fair notice how Plaintiff could plausibly contend that this salient feature is present in the Accused Products. After repeated requests for Plaintiff to plead where these limitations are found in any of the Accused Products, Plaintiff has not done so—nor could she, as none of the accused products have these features. Plaintiff's failure to allege any facts related to this element, or any element at all, is particularly stark in view of even the most basic comparison of Claim 6 to the Accused Products. Because Plaintiff fails to allege any facts that would allow the Court to plausibly infer that even one of the Accused Products practices all the limitations of Claim 6, the SAC fails to state a claim for patent infringement and fails to provide fair notice to Petco of Plaintiff's infringement allegations.

### B. Plaintiff's Allegations Of Infringement Are Facially Implausible Because The Facts Alleged Are Inconsistent With Infringement

Regardless of the fact that Plaintiff has not mapped the limitations of Claim 6 of the '650 Patent to the Accused Products, Plaintiff's infringement allegations are further plainly contradicted by the images and configurations of the Accused Products, making any effort to do so futile. *See* Dkt. 24, ¶ 13; Dkt. 24-2, Exhibits B1-B19. Because each of the configurations of the Accused Products is "actually inconsistent with and contradict[s] infringement," Plaintiff's allegation of infringement of Claim 6 is therefore "insufficient to state a plausible claim." *Bot M8*, 4 F.4th at 1354.

Claim 6 recites an "animal harness" with a "strap having a first end loop and a second end loop" (i.e., a single strap with a loop on each of its two ends). '650 Patent (Dkt. 24-1, Ex. A), Cl. 6. The claim further requires that "*the strap* extending from the first end loop" is inserted: (i) "*through*" a first leg adjuster and "*then back through*" the first leg adjuster to form a first leg loop, (ii) "*then through*" a second adjuster and "*back through*" the second adjuster to form a second leg loop, and (iii) "*then through*" the strap's first end loop to form a "triangular-shaped opening with the first adjuster, second adjuster and first end loop as the apexes for the triangular opening." *Id*. In other words, Claim 6 requires *both* (1) a *single* strap that weaves through the leg adjusters to form both "leg loops" and the "triangular-shaped opening," and (2) that the end of the strap "extending from the first end loop" is ultimately (after forming the rest of the harness) inserted *through* the "first end loop" of the same strap. *See* SAC, Dkt. 24, ¶ 20 (which repeatedly references "the strap").

It is not enough for Plaintiff to assert infringement simply because the Accused Products are animal harnesses along with a conclusory statement that the products infringe. *See Iqbal*, 556 U.S. 544 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Yet, that is all that Plaintiff has done here.

None of the Accused Products plausibly have these features recited in Claim 6. Most fundamentally, and by way of example, none of the Accused Products possess a single strap that forms both two leg loops and a triangular opening. Nor do the Accused Products feature a strap that passes through its own end loop at all, let alone where a loop on one end of the strap passes through a loop on the other end of

the strap.[4] And, to be clear, claim construction is not required to reach this conclusion. These are expressly recited elements of Claim 6 that are plainly missing from the Accused Products.

Because "the failure to meet a single limitation is sufficient to negate infringement of a claim," *e.Digital Corp.*, 2016 WL 4427209, at *3, these flaws are fatal to Plaintiff's infringement case. *See Metricolor LLC v. L'Oreal S.A.*, No. CV 18-364-R, 2018 WL 5099496, at *4 (C.D. Cal. Aug. 15, 2018) (dismissing claims of patent infringement where images in the complaint demonstrated that the accused products failed to meet all limitations of the asserted claims), *aff'd in part, vacated in part, remanded,* 791 F. App'x 183 (Fed. Cir. 2019).[5] As in *Bot M8*, Plaintiff here has pleaded itself out of court. 4 F.4th at 1354 ("As we have said before, while a plaintiff's pleading obligations are not onerous, it is possible that, in pleading its claims, a plaintiff may find it has pleaded itself out of court."). Plaintiff does nothing more here than make a conclusory allegation of infringement, and has refused Petco's request for a factual pleading apparently because any effort to do so would only serve to highlight the contradiction between the animal harness recited in Claim 6 and the configurations of the Accused Products.

It is clear from the images of the Accused Products in the attachments to the SAC that none of them meet the limitations of Claim 6 of the '650 Patent and thus

---

[4] If this case were to progress past the pleading stage, Petco expects to contest Plaintiff's accusations on the merits by showing that Petco's Accused Products do not practice several limitations of Claim 6. Petco focuses here on these limitations because they most plainly show the implausibility of Plaintiff's allegations and that the Complaint fails to advise Petco of the basis of Plaintiff's allegation of infringement.

[5] The Federal Circuit affirmed the district court's dismissal of the patent infringement claims in *Metricolor* on this basis. *See* 791 Fed. Appx. 183 at 188 ("We agree with the district court that Metricolor failed to sufficiently plead a claim of patent infringement in its complaint. . . . [T]he district court aptly noted that the Redken pH-Bonder product has an 'open hole at the base of the bottle,' plainly contradicting its allegation of an 'air-tight' seal.").

the Accused Products do not and cannot infringe that claim. For example, below are images of exemplary accused products from each of the four suppliers, as shown in the attachments to the SAC:

| Exhibit B1<br>5280DOG Harness | Exhibit B7<br>Coastal Pet Harness |
|---|---|
|  |  |
| Exhibit B16<br>Good2Go Harness | Exhibit B19<br>PetSafe Harness |
|  |  |

As is readily apparent, there is neither (1) a single strap that weaves through two leg adjusters to form both "leg loops" and the "triangular-shaped opening," nor an (2) end of the strap "extending from the first end loop" that is ultimately (after forming the rest of the harness) inserted *through* the "first end loop" of the same strap. The SAC fails to show that even a single Accused Product satisfies the limitations of Claim 6. Instead, there is a complete lack of any plausible allegation of infringement as to any of the Accused Products.

Thus, because Plaintiff has not pleaded facts sufficient to support a plausible inference that even one of the Accused Products practices all limitations of Claim 6—and has, in fact, demonstrated that such an inference is facially implausible— Plaintiff's allegations of patent infringement should be dismissed.

### C.   The Second Amended Complaint Should Be Dismissed With Prejudice

Dismissal with prejudice is appropriate when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."); *SCG Characters LLC v. Telebrands Corp.*, Case No. CV 15-00374, 2015 WL 4624200, at *8 (C.D. Cal. Aug. 3, 2015) ("Because the Court concludes amendment would be futile, the patent infringement claim is dismissed with prejudice."). Dismissal with prejudice is appropriate here. Plaintiff has already amended its complaint ***twice*** and no matter how tortured the comparison, no additional revisions to the pleading could change the configuration of the Accused Products into one that infringes Claim 6 of the '650 Patent. As such, Plaintiff's allegations of infringement should be dismissed with prejudice.[6]

### V.   CONCLUSION

For the reasons set forth above, Plaintiffs' Second Amended Complaint does not set forth factual allegations sufficient to support its sole claim for infringement of Claim 6 of the '650 Patent and further fails to give Petco fair notice of a cognizable claim and the grounds on which it rests. Accordingly, Petco respectfully requests that the Court dismiss Plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted. Because leave to amend would be futile, Petco further requests dismissal with prejudice.

---

[6] In the event the Court dismisses the SAC without prejudice, then Petco respectfully requests the Court require Plaintiff upon refiling to identify how it contends each Accused Product meets the limitations of Claim 6 and how such Accused Product directly infringes the '650 Patent.  This will provide Petco notice in a Third Amended Complaint (unlike the Second Amended Complaint) regarding how specifically the Accused Products purportedly infringe Claim 6 of the '650 Patent.

1    DATED:  December 20, 2021    Respectfully submitted,

2                        KILPATRICK TOWNSEND & STOCKTON LLP

3

4                        By: */s/Taylor J. Pfingst*

5                           TAYLOR J. PFINGST

6                        Attorneys for Defendant
                          PETCO ANIMAL SUPPLIES STORES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that on December 20, 2021, I electronically filed the

3   foregoing document with the clerk of the court for the U.S. District Court, Central

4   District of California, using the electronic case filing system of the court. The

5   electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of

6   record who have consented in writing to accept this Notice as service of this

7   document by electronic means.

8

9                                /s/ Irene Tully
                               Irene Tully

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28